UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCA OUIDA,

                        Plaintiff,

        v.

HARBORS HOME HEALTH AND
HOSPICE, et al.,

                        Defendants.

CASE NO. C23-5356 BHS

ORDER

This matter is before the Court on Plaintiff Marca Ouida's motions for leave to file a second amended complaint, Dkt. 49, and to strike the answers and affirmative defenses of Defendants Harbors Home Health & Hospice, Darlene Greenwalt, Melissa Dhooghe, and Juliette Erickson, Dkts. 43, 44.

## I.   BACKGROUND

On April 24, 2023, Ouida sued Defendants, alleging, generally, that they terminated her employment at Harbors Home Health & Hospice after she declined to receive vaccinations to protect against COVID-19. Dkt. 1, ¶¶ 8–13. Ouida asserted that Defendants (1) terminated her employment based on religious discrimination in violation

1   of Title VII of the Civil Rights Act of 1964; (2) violated the First Amendment; (3)

2   engaged in negligence by "abid[ing] by the unlawful order presented in the proclamation

3   by Governor Inslee"; (4) engaged in "Willful Misconduct" "by demanding that their

4   employees be administered with the non-FDA approved COVID-19 mRNA vaccine

5   while having full knowledge of the harm it could cause"; (5) falsely imprisoned her by

6   "plac[ing] a demand limiting [her] entry into the office to return to work"; (6) violated

7   the Fourth Amendment by "forc[ing] [her] to submit to a search of her bodily fluids"; (7)

8   breached the employment contract "by demanding that Plaintiff . . . must be vaccinated in

9   order to continue employment"; and (8) engaged in "Civil Conspiracy." *Id.* ¶¶ 62–113.

10  On May 31, 2023, Defendants answered, Dkt. 17.

11          On June 29, 2023, Ouida filed an amended complaint as a matter of course, Dkt.

12  39. This amended complaint contains six causes of action, all of which are labeled,

13  "Unlawful Employment Practices." *Id.* ¶¶ 34–51. These causes of action allege violations

14  of the Bill of Rights, violations of the Fourth Amendment of the United States

15  Constitution, violations of Article I, Sections 3, 7, and 11 of the Washington State

16  Constitution, violations of Title VII of the Civil Rights Act of 1964, and breach of the

17  employment contract. *See id.* ¶¶ 35, 38, 41, 44, 47, 48, 50. On July 17, 2023, Defendants

18  filed answers to the amended complaint. Dkts. 40, 41.

19          On August 7, 2023, Ouida moved to strike Defendants' answers and affirmative

20  defenses.[1] Dkts. 43, 44. On August 14, the Court entered a scheduling order, Dkt. 47,

21

22          [1] Defendants oppose these motions. Dkts. 50, 51.

1    pursuant to the parties' joint status report, Dkt. 46. The scheduling order sets a deadline

2    for amending any pleadings of September 25, 2023. Dkt. 47 at 1.

3         On August 17, 2023, Ouida moved for leave to file a second amended complaint.

4    Dkt. 49. The motion contains a proposed second amended complaint, with the added

5    language highlighted and the deleted language stricken. *See id.* at 49 at 9–25. Ouida seeks

6    to add two defendants, Cynthia Minzey and Joel Stephens. *Id.* at 1. Oudia alleges that

7    Minzey is the current chief operating officer (CEO) of Harbors Home Health & Hospice,

8    *id.* ¶ 6, and that Stephens served as its former CEO "during the time material to this

9    lawsuit." *Id.* ¶ 7. Defendants oppose Ouida's motion for leave to amend. Dkt. 57. The

10   Court addresses Defendants' arguments in turn.

11                              **II.   DISCUSSION**

12        At this stage of the litigation, "a party may amend its pleading only with the

13   opposing party's written consent or the court's leave. The court should freely give leave

14   when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with

15   extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

16   2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.

17   2001)). In determining whether to grant leave under Rule 15, courts consider five factors:

18   "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

19   whether the plaintiff has previously amended the complaint." *United States v. Corinthian

20   Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing

21   party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.  Furthermore, "[a]

22   document filed pro se is 'to be liberally construed'" and "a *pro se* complaint, however

1  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

2  by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

3  U.S. 97, 106 (1976)).

4    Defendants assert that the Court should deny Ouida's motion for leave to amend

5  because it does not comply with Local Civil Rule 15. They assert that "Ouida's proposed

6  Second Amended Complaint does not clearly show how it differs from her Amended

7  Complaint." Dkt. 54 at 4. Under this local rule,

8    [a] party who moves for leave to amend a pleading . . . must attach a copy
  of the proposed amended pleading as an exhibit to the motion . . . . The

9    party must indicate on the proposed amended pleading how it differs from
  the pleading that it amends by bracketing or striking through the text to be

10    deleted and underlining or highlighting the text to be added.

11  Local Rules, W.D. Wash. LCR 15.

12    In her proposed second amended complaint, Ouida highlighted the text to be

13  added and struck through the text to be deleted. *See generally* Dkt. 49 at 9–25. This

14  satisfies the requirements of LCR 15.

15    Defendants next contend that the Court should deny the motion for leave to amend

16  both because it is the result of undue delay and because it will prejudice them. Dkt. 54 at

17  1, 4–6. Although it is not clear when Ouida was able to learn the facts to support

18  proposed second amended complaint, her motion for leave to amend is timely under the

19  Court's scheduling order. *See* Dkt. 47 at 1 (setting a deadline for amending pleadings of

20  September 25, 2023). In any event, "[u]ndue delay by itself . . . is insufficient to justify

21  denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

22

1       The Court is also not persuaded that Defendants will be prejudiced much, if at all,

2  by granting Ouida leave to amend. Defendants assert that "Ouida's proposed revisions

3  add nothing to her allegations and only serve to further confuse this already confusing

4  litigation" and "[a]llowing her to amend her Complaint again would prejudice

5  Defendants and compound the baselessness of this case." Dkt. 54 at 1. Such arguments

6  are better suited for a motion under Federal Rule of Civil Procedure 12(b) or (c).

7  Defendants also contend that they "will have to spend more resources than should be

8  necessary simply to discern the nature of Ouida's amorphous causes of action" and that

9  "adding more Defendants will unnecessarily increase the costs of litigation since Ouida

10 has failed to explain their involvement in the alleged unlawful employment practices at

11 issue." *Id.* at 5. The Court will not deny Ouida's motion simply because Defendants are

12 concerned that the further amendment might increase their litigation costs. And

13 Defendants' other concerns are, again, better suited for a motion under Fed. R. Civ. P.

14 12(b) or (c).

15      Defendants finally contend that the Court should not apply Rule 15's policy of

16 favoring amendments to pleadings with "extreme liberality" because, although Ouida

17 quotes this standard, she does not provide a citation in support of it:

18          Ouida argues that "the Ninth Circuit has emphasized that this policy is 'to
            be applied with extreme liberality,' barring substantive evidence of undue
19          delay, bad faith, dilatory intent, or undue prejudice to the Opposing Party."
            Dkt. No. 49, p. 4. But Ouida fails to provide a citation for this argument. As
20          such, the Court should disregard it.

21 Dkt. 54 at 5–6.

22

The Court will not disregard this standard. Ninth Circuit precedent establishes beyond debate that the policy of favoring amendments "is 'to be applied with extreme liberality.'" *Eminence Cap.*, 316 F.3d at 1051 (quoting *Owens*, 244 F.3d at 712); *accord Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). The Court will not ignore this established policy simply because Ouida, who is pro se, does not support it with a citation. Ouida correctly describes the applicable standard and, even if she did not, the Court would be obligated to apply it. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("[C]aselaw on point *is* the law" and "[b]inding authority must be followed unless and until overruled by a body competent to do so").

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ouida's motion for leave to file a second amended complaint, Dkt. 49, is **GRANTED**. Ouida shall file her second amended complaint within 10 days of this order.

Because Ouida is granted leave to file an amended complaint, her motions to strike Defendants' answers, Dkts. 43, 44, are **DENIED as moot**. The Court cautions Ouida that it would likely deny any similar motion or motions to strike Defendants' answers.

Dated this 14th day of September, 2023.

BENJAMIN H. SETTLE
United States District Judge