UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCA OUIDA,<br><br>                    Plaintiff,<br>     v.<br><br>HARBORS HOME HEALTH AND HOSPICE,<br><br>                    Defendant. | CASE NO. 3:23-cv-05356-DGE<br><br>ORDER ON MOTION FOR PROTECTIVE ORDER<br>(DKT. NO. 60) |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' motion for a protective order. (Dkt. No. 60.) For the foregoing reasons, the Court DENIES the Motion.

## II.     BACKGROUND

On September 17, 2023, Plaintiff Marca Ouida, proceeding *pro se*, sent four Defendants a total of 461 requests for admission ("RFAs"). (Dkt. No. 61-1 at 2.) Defendants' counsel, representing all Defendants, met and conferred with Plaintiff, asking whether she would agree to

limit the RFAs to 25 per each of the four defendants. (Dkt. No. 61-2 at 3.) Plaintiff refused. (*Id*.) Defendants now bring the instant motion seeking a protective order, or alternatively a 60-day extension in responding to the RFAs.

### III. LEGAL STANDARD

A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 36 governs RFAs and does not set a numerical limit on how many RFAs a party may serve. However, "the right to discovery, even plainly relevant discovery, is not limitless." *K.C.R. v. County of Los Angeles*, 2014 WL 3433772, at * 2 (C.D. Cal. July 14, 2014). Courts may, upon a showing of good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Generally, a party seeking a protective order has a 'heavy burden' to show why discovery should be denied[.]" *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, 203 F.R.D. 447, 451 (E.D. Cal. 2001) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "[C]ourts do not readily grant protective orders against an entire set of discovery requests on the grounds that the number of requests is excessive." *Lauter v. Rosenblatt*, 2019 WL 4138020, at *19 (C.D. Cal. July 1, 2019) (citing *Jones v. Skolnik*, 2014 WL

ORDER ON MOTION FOR PROTECTIVE ORDER
(DKT. NO. 60) - 2

1   2625000, at *2 (D. Nev. June 12, 2014)).

2

3                           IV.     ANALYSIS

4       Defendants argue the "amount of RFAs is oppressive and unduly burdensome on its

5   face." (Dkt. No. 60 at 1.) Defendants contend their choice "not [to] address the contents of the

6   RFAs . . . was deliberate" as the "sheer number of RFAs served on [all four] Defendants is

7   inherently annoying, oppressive, and unduly burdensome." (Dkt. No. 65 at 2.) Defendants

8   purport that "[e]ven if every single RFA were simple and straightforward . . . 461 RFAs is still

9   plainly excessive." (*Id*.) Defendants cite to *Dang v. Johnson* and *Mitchell v. Yuetter*, arguing the

10  respective courts granted a protective order for far fewer RFAs. (Dkt. No. 60 at 3–4) (2023 WL

11  157616 (W.D. Wash. Jan. 11, 2023); 1993 WL 139218 (D. Kan. Jan. 12, 1993)).

12      Defendants' argument is misguided. In both *Dang v. Johnson* and *Mitchell v. Yuetter*, the

13  courts analyzed the content of the RFAs and did not make judgments based solely on the volume

14  of RFAs. In *Dang*, this Court noted that "[s]everal of the Plaintiff's requests are ambiguous and

15  unclear" and that "some of the requests are purely issues of law and not about 'facts or

16  application of law to fact.'" *Dang*, 2023 WL 157616, at *3 (W.D. Wash. Jan. 11, 2023) (internal

17  citation omitted). The Court, finding "there is no showing [the RFAs] seek relevant information

18  [or that] these requests are proportional to the needs to the needs of the case[,]" held the 300

19  propounded RFAs unduly burdensome and granted the protective order. *Id*. Similarly, the

20  Kansas district court in *Mitchell* found "that many of the requests focus on small details, and not

21  factual issues in this case" and that "many of the requests are vague." *Mitchell*, 1993 WL

22  139218, at *1 (D. Kan. Jan. 12 1993).

23

24

ORDER ON MOTION FOR PROTECTIVE ORDER
(DKT. NO. 60) - 3

Importantly, Defendants here do not argue the content of the RFAs is inappropriate. They also fail to provide the Court with copies of the RFAs so the Court may investigate their content. Nor do they identify specific RFAs that may be clearly objectionable. At a minimum, identifying specific objectional RFAs is necessary for the Court to consider the issuance of a protection order. *See Miller v. White*, 2019 WL 8683325, at *4 (C.D. Cal. Nov. 8, 2019) (denying protective order where defendants failed to identify particular RFAs that were not tailored to individual defendants]; *Flynn v. Love*, 2022 WL 3704082, at *2 (D. Nev. Feb. 25, 2022) (denying protective order because defendants did not specifically articulate which RFAs are objectionable); *Manago v. Williams*, 2010 WL 5059684, at *4 (E.D. Cal. Dec. 6, 2010) (granting protective order after reviewing RFAs and finding plaintiff could easily obtain answers to the requests themselves); *Byard v. City & Cnty. of San Francisco*, at *2 (N.D. Cal. Mar. 15, 2017) (granting protective order after reviewing RFAs and finding the requests argumentative and vague).

It is Defendants' burden to show the RFAs are overly burdensome, and the Court, without the opportunity to review the RFAs, cannot find Defendant has met this burden based on the volume of requests alone.[1]

### V.   CONCLUSION

Accordingly, having reviewed the instant motion, the briefing of the parties, and the remainder of the record, the Court hereby DENIES Defendants' motion for a protective order and ORDERS that Defendants have 60 days from the date of this Order to respond to Plaintiff's

---

[1] Notwithstanding the Court's ruling, Plaintiff should be aware that the issuance of additional RFAs likely will be reviewed closely for possible abusive discovery practices.

propounded RFA.  Plaintiff's pending motion to deem the facts in the propounded RFAs as admitted (Dkt. No. 76) is MOOT and will be stricken.

Dated this 3rd day of January 2024.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR PROTECTIVE ORDER
(DKT. NO. 60) - 5