UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCA OUIDA,<br><br>          Plaintiff,<br>     v.<br><br>HARBORS HOME HEALTH AND HOSPICE,<br><br>          Defendants. | CASE NO. 3:23-cv-05356-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 95) |

**I     INTRODUCTION**

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 95) of the Court's order granting Defendants' motion for summary judgment (Dkt. No. 93). For the reasons stated herein, the Court DENIES Plaintiff's motion for reconsideration.

**II     BACKGROUND**

The Court presumes familiarity with the general facts of the case. (*See id.*) On October 26, 2023, Defendants collectively filed a motion for summary judgment. (Dkt. No. 72.) On May 23, 2024, the Court granted Defendants' motion for summary judgment in full, dismissing

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 95) - 1

1  Plaintiff's constitutional, contract, and Title VII claims.  (Dkt. No. 93.)  On June 2, 2024,

2  Plaintiff filed a timely motion for reconsideration.  (Dkt. No. 95.)

## II    DISCUSSION

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Motions for reconsideration are disfavored.  Courts will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  LCR 7(h)(1).  A motion for reconsideration must identify "with specificity the matters which the movant believes were overlooked and misapprehended by the court."  LCR 7(h)(2).

Plaintiff argues (1) the Court mistakenly found Plaintiff failed to certify her testimony under penalty of perjury and (2) the Court failed to base its order on the actual claims stated in Plaintiff's second amended complaint.

Plaintiff does not assert new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.  (*See generally*, Dkt. No. 95.)  Accordingly, the Court addresses Plaintiff's arguments and reviews only for manifest error.

### A.  Certification of Testimony Under Penalty of Perjury

Plaintiff argues her second amended complaint (Dkt. No. 59) was made under penalty of perjury and should have been considered as evidence on summary judgment.  (Dkt. No. 95 at 7.)

Plaintiff relies on 28 U.S.C. § 1746 to argue her second amended complaint was sworn under penalty of perjury but fails to acknowledge the language the statute requires to submit a declaration.  (Dkt. No. 95 at 7.)  Section 1746 states in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .
>
> **(2) If executed within the United States . . . : 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).**
> **(Signature)'.**

28 U.S.C § 1746 (emphasis added).

Section 1746 unambiguously requires certification language in a document for it to be accepted as a sworn statement. Certification language, or something similar, was not included in either the second amended complaint (Dkt. No. 59) or the opposition to Defendants' motion for summary judgment (Dkt. No. 77). Thus, they were not sworn statements.

Plaintiff also argues her second amended complaint is supported by four sworn affidavits. (Dkt. No. 95 at 7.) However, the sworn affidavits Plaintiff relies on are attached to the original complaint and first amended complaint, which are no longer part of the record. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." (quotations omitted)). Likewise, any attached exhibits to a previously filed complaint are also no longer operative once an amended complaint is filed. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (Upon "fil[ing] the second amended complaint, the first amended complaint (and its attached exhibits) became a legal

nullity."). Thus, the documents attached to Plaintiff's prior complaints were not evidence to be considered on summary judgment.[1]

Further, Plaintiff argues the attachments to the original complaint should have been considered because she incorporated them by reference in the second amended complaint. (Dkt. No. 95 at 7-8.) Under the doctrine of incorporation by reference, previously filed documents can be included in the record so long as the host document identifies with detailed particularity what specific material it incorporates and clearly indicates where that material is found in the various documents. *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (11th Cir. 2000). In her second amended complaint, Plaintiff names the attachments to the original complaint (Notice of Intent to File Suit, Courtesy Notice, Notice of Default and Notice of Estoppel), but did not identify what material she was incorporating or its purpose. (Dkt. No. 59 at 7.) As a result, the four attachments Plaintiff relies on were not properly incorporated by reference. Even had she incorporated the attachments, they would not have substantively support her opposition to Defendants' motion for summary judgment. These attachments were filed after Plaintiff decided to stop working for Defendants and do not show Defendants had notice of Plaintiff's religious beliefs or that they intended to discriminate against her.

Plaintiff has failed to establish the Court committed manifest error in concluding Plaintiff did not produce any evidence in opposition to Defendants' motion for summary judgment.[2]

---

[1] Plaintiff also argues Defendant Dhooghe's declaration was not certified under penalty of perjury (Dkt. No. 95 at 9). Upon second review, the Court confirms it was certified. (Dkt. No. 85 at 1.)

[2] Plaintiff also asks the Court for the opportunity to certify her opposition under penalty of perjury. (Dkt. No. 95 at 8.) But, as discussed below, the Court did analyze Plaintiff's opposition and still found Defendants were entitled to judgment as a matter of law.

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 95) - 4

**B. Purported Failure of the Court to Address the Actual Claims Stated in Plaintiff's Second Amended Complaint**

Plaintiff argues "the Court did not base the Order Granting Defendants' Motion for Summary Judgment on the actual claims stated in Plaintiff's Second Amended Complaint." (Dkt. No. 95 at 10.)  Notwithstanding, the Court did consider and analyze Plaintiff's arguments in the order granting summary judgment.  (*See* Dkt. No. 93 at 8, 9, 13, 15.[3])  Plaintiff does not identify how the Court committed manifest error in analyzing Plaintiff's arguments.

## III     CONCLUSION

Finding no manifest error in the prior order granting summary judgment (Dkt. No. 93), the Court DENIES Plaintiff's motion for reconsideration (Dkt. No. 95).

Dated this 11th day of July 2024.



David G. Estudillo
United States District Judge

---

[3] As examples, the Order identified:

- "Even if the Court did consider Plaintiff's unsworn assertions, courts have routinely found no state action when a private, non-profit hospital's state links consist merely of federal funds under the . . . Medicare program[s], and exemption from state and federal taxes." (*Id*. at 8) (quotations omitted).
- "Even if her request for additional discovery were in an affidavit, she identifies no specific facts she hopes to find through discovery."  (*Id*. at 9.)
- "Even had Plaintiff put forth an affidavit swearing under penalty of perjury, the Court is unconvinced she would have prevailed on the failure to accommodate claim." (*Id*. at 13.)
- "Even in Plaintiff's unsworn opposition, she does not allege any fact showing she notified Defendants of her religious motivations for refusing the vaccine, indicating she simply said "No" multiple times."  (*Id*. at 15.)